M. L. FESTLER AND OTHERS v. MAURICE WALLACH, d.b.a. BELL FRUIT COMPANY, AND OTHERS. LOUIS RATNER AND ANOTHER, APPELLANTS. HARRY TRUPPMAN, d.b.a. UNITED STATES FRUIT COMPANY, INTERVENER.[1]

July 8, 1955.

No. 36,553.

---

[1]Reported in 71 N. W. (2d) 836.

*Samuel Saliterman* and *Charles Alan Wright,* for appellants.
*Wagner & Bailey* and *Howard H. Gelb,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from that part of the judgment of the district court entered in favor of intervener, Harry Truppman, sole trader doing business as United States Fruit Company, which is against defendants Louis Ratner and Sam Bell.

Defendant principal, Maurice Wallach, doing business as Bell Fruit Company, was licensed by the commissioner of agriculture as a wholesale produce dealer. Incident to the obtaining of such license, Wallach filed with the commissioner a bond as required by M. S. A. 27.04, with sureties approved by the commissioner, providing for the faithful performance of his duty as dealer and wholesaler, in the amount of $10,000. Ratner and Bell were sureties on the bond.

In late 1949 Wallach defaulted under his bond, and the sureties were notified of the default by the commissioner as required by law. Numerous claims against Wallach and his sureties were filed with the commissioner, and on April 12 and May 5, 1950, the commissioner held hearings with reference to the default. On August 14, 1950, the commissioner made his findings, conclusions, and order, in which he allowed seven claims totaling $6,420.70, as set forth specifically in the findings, and disallowed six claims as not being eligible within M. S. A. c. 27.

The claim involved in the present appeal, that of intervener, was among those disallowed by the commissioner. This claim was reviewed at length by the commissioner, who found:

"From all of the evidence and testimony adduced at the disclosure in this matter, the Commission finds that the complainant has not proven what amount, if any, is due and owing to him on the claim as filed."

Section 27.06 provides that, after the commissioner has reported his findings and has rendered his conclusions on the matter complained of to the complainant and respondent in each case, they shall have 15 days following in which to make effective and satisfy the commissioner's conclusions. If this settlement is not effected within that time, either party, if aggrieved by any condition of the bond, may, upon first obtaining the approval of the commissioner, commence and maintain an action against the principal and sureties on the bond of the party complained of as in any civil action; provided, however, that no action against the bondsmen of a licensee shall in any instance be maintained without the written approval of the commissioner, which shall be attached to and made a part of the original complaint in the action.

The claims allowed by the commissioner were not paid by the sureties within 15 days after the entry of the commissioner's order. After having obtained the consent of the commissioner, the successful claimants commenced an action in the district court against the sureties. Truppman filed a complaint in intervention seeking to recover on his claim, which had been disallowed by the commissioner.

Prior to the time that the action came on for trial, the sureties settled with the claimants who had been successful before the commissioner. Those claimants were plaintiffs in the action in district court. The claim of intervener was then tried by the court without a jury. The trial court ordered judgment against defendant principal, Wallach, for $7,243.66, which was the full amount it found due from him to intervener. Of that amount the court found that $7,128.44 was properly chargeable for produce[2] and therefore an eligible claim under the provisions of c. 27. Since the total of that eligible claim plus the claims allowed by the commissioner (total of $13,549.14) exceeded the amount of the bond, the court ordered judg-

[2]"Produce" is defined in § 27.01, subd. 2.

ment against the sureties for that proportion of $10,000 which intervener's claim was of the total of all claims allowed against the sureties. Thus the court ordered judgment against the sureties for $5,260.79. It made clear in its memorandum that intervener's claim had been tried on the theory of a trial *de novo* and not by way of certiorari.

■ The only question we need consider on this appeal is whether a claimant against the bond of a wholesale produce dealer, whose claim has been disallowed by the commissioner of agriculture pursuant to his powers under § 27.06, can bring an action in district court to have his claim against the sureties on the bond tried *de novo*. On this question the trial court said in its memorandum:

"It is not a moot question in this case, for this Court would have to find and would find, if the proper method of review is by way of certiorari, that the commissioner's findings should be confirmed, while on a trial de novo, the weight of the evidence is as indicated by the findings herein made."

This question involves construction of the language of § 27.06.[3] The fourth sentence of § 27.06 is determinative of the question presented. It provides:

[3] "Any person claiming himself to be damaged by any breach of the conditions of a bond given by a licensee, as herein provided, may enter complaint thereof to the commissioner, which complaint shall be a written statement of the facts constituting the complaint. Upon filing the complaint in the manner herein provided, the commissioner shall investigate the charges made and, at his discretion, order a hearing before him, giving the party complained of notice of the filing of the complaint and the time and place of the hearing. At the conclusion of the hearing the commissioner shall report his findings and render his conclusions, upon the matter complained of, to the complainant and the respondent in each case, who shall have 15 days following in which to make effective and satisfy the commissioner's conclusions. If this settlement is not effected within this time, either party, if aggrieved by any condition of the bond, may, upon first obtaining the approval of the commissioner, commence and maintain an action against the principal and sureties on the bond of the party complained of as in any civil action, provided, no action against the bondsmen of a licensee shall in any instance be maintained without the written approval of the commis-

"* * * If this settlement is not effected within this time [15 days following the commissioner's report], either party, if aggrieved by any condition of the bond, may, upon first obtaining the approval of the commissioner, commence and maintain an action against the principal and sureties on the bond of the party complained of as in any civil action, provided, no action against the bondsmen of a licensee shall in any instance be maintained without the written approval of the commissioner, which shall be attached to and made a part of the original complaint in the action."

Although the quoted language is not entirely clear as to the meaning of the phrase "as in any civil action," a reasonable construction of that language would indicate that what the legislature intended to provide was that the civil action is available for the purpose of confirming the award on claims allowed by the commissioner and for the further purpose of reducing those claims to judgment against the principal and sureties. Thus, the parties are given 15 days in which to effect a settlement after the commissioner has reported his findings and conclusions, and, after that time, the complainants, with the commissioner's consent, are given the right to sue the prin-

sioner, which shall be attached to and made a part of the original complaint in the action. Upon commencing the action a copy thereof shall be filed in the office of the commissioner. The record of the hearing before the commissioner shall be competent evidence in any court having jurisdiction. If the licensee has become liable to more than one person by reason of breaches of the conditions of the bond and the amount of the bond is insufficient to pay the entire liability to all persons entitled to the protection of the bond, the penalty of the bond as against the sureties shall be apportioned among the several claimants. In all cases where the liability of the licensee exceeds the amount of his bond, or where the amount of the claims does not exceed the amount of the bond, and the claimants so request in writing, the commissioner shall commence an action for the recovery of the amount claimed, and the surety or bondsman upon the bond shall be liable to the extent of the amount recovered, not exceeding the amount of the bond, and when recovered such amount shall be deposited with the commissioner, who shall, in the same action, subject to the approval of the court, pass upon and allow or disallow all claims which may be presented to him for payment or apportioned thereunder, and to effect the purposes herein may employ counsel, the expense thereof to be paid out of the amount recovered on the bond."

cipal and sureties for payment of the eligible claims. That was the course of action taken in the case before us.

By way of explanation, however, the above rule does not apply where the eligible claims exceed the amount of the licensee's bond or where the claimants request the commissioner in writing to commence an action for the recovery of the amount claimed. In such cases,[4] the last sentence of § 27.06 provides:

"* * * the commissioner shall commence an action for the recovery of the amount claimed, and the surety or bondsman upon the bond shall be liable to the extent of the amount recovered, not exceeding the amount of the bond, and when recovered such amount shall be deposited with the commissioner, who shall, in the same action, subject to the approval of the court, pass upon and allow or disallow all claims which may be presented to him for payment or apportioned thereunder, and to effect the purposes herein may employ counsel, the expense thereof to be paid out of the amount recovered on the bond."

We conclude that intervener is not entitled to a trial *de novo* on his claim which was rejected by the commissioner at the hearing and that the purpose of the civil action provided by the fourth sentence of § 27.06 is limited to confirming the eligible claims as found by the commissioner and reducing them to judgment against the principal and sureties. The last sentence of § 27.06 being inapplicable here, a claimant such as intervener thus may not have review of the commissioner's findings and conclusions on his claim except by writ of certiorari as provided in M. S. A. c. 606.

■ Intervener contends that, since the commissioner is given the discretion to order a hearing, there would be no adequate remedy before the court on writ of certiorari where the commissioner in his discretion did not order a hearing because there would be nothing to review.

The second sentence of § 27.06 directs the commissioner, after the complaint has been filed, to investigate the charges and, at his dis-

---

[4]See, *e.g.*, Trovatten v. Minea, 213 Minn. 544, 7 N. W. (2d) 390, 144 A. L. R. 1263.

cretion, order a hearing before him, giving notice of the complaint to the party complained of and the time and place of the hearing. The third sentence of § 27.06 provides that, at the conclusion of the hearing, the commissioner shall report his findings and render his conclusions upon the matter complained of to the complainant and respondent in each case, who shall have 15 days following in which to make effective and satisfy the commissioner's conclusions. These two sentences, when read together, clearly indicate that a hearing is required where the commissioner finds from his investigation that the complainant was damaged by a breach of the bond given by the licensee or where the commissioner decides from his investigation that the complainant was not damaged by the breach, if any, and the complainant does not acquiesce in that decision by the commissioner. The discretion of the commissioner in regard to ordering a hearing is therefore limited to the situation where a complaint has been filed and there has been no investigation or where the complainant acquiesces in the commissioner's decision, from the investigation, that there was not a breach of the conditions of the bond which resulted in damage to the complainant. Construed in this manner, the statute plainly meets the requirements of due process that the commissioner's findings and conclusions be based on a record made at a hearing. See, Amalgamated Food Handlers, Local 653-A, etc. 244 Minn. 279, 70 N. W. (2d) 267.

For the purpose of disposition on appeal, we shall treat intervener's action as though it had been on writ of certiorari. The trial court will thus be deemed to have affirmed the findings and conclusions of the commissioner, and it is affirmed in that respect. It follows that the judgment appealed from must be reversed, with directions to enter judgment for appellants.

Reversed.